COAST OYSTER COMPANY, a Washington corporation, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 2149.

United States District Court
W. D. Washington, S. D.

Aug. 13, 1958.

As Amended Nov. 7, 1958.

Kumm, Maxwell, Petersen & Lee, Ward C. Kumm and R. W. Maxwell, Seattle, Wash., for plaintiff.

Charles P. Moriarty, U. S. Atty., Seattle, Wash., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., and Victor A. Altman, Dept. of Justice, Washington, D. C., for defendant.

BOLDT, District Judge.

Plaintiff is engaged in the business of planting, cultivating, harvesting, cleaning, grading, packing and processing oysters for sale to wholesalers. This action seeks recovery of approximately $32,000 in Federal Insurance contributions and Federal Unemployment taxes paid by plaintiff on its employees for the years 1950–54, inclusive. The claim for refund is asserted under two separate exemption provisions each appearing both in the FICA and FUTA taxing statutes: (1) the exemption of employees engaged in agricultural labor;[1] and (2) the exemption of employees in fishing activities.[2]

 Inclusion of plaintiff's employees within the agricultural labor provisions would do violence to the plain and unequivocal language of the exemption and would require a strained and twisted construction of the statute. Moreover, having enacted a specific exemption applicable to employees in the fishing industry, it seems unlikely that Congress intended to exempt employees engaged in the same activities under a separate and different provision relating to agricultural workers.

 The material provisions of the fishing exemption are: "The term 'employment' * * * shall not include * * * service performed by an individual in * * * taking, harvesting, cultivating, * * * shellfish * * * (including service performed by any such individual as an ordinary incident to any such activity) * * * *" Of the ten stipulated classes of plaintiff's employees,[3] the quoted language plainly and expressly exempts oyster bed workers and harvesters. If the words "ordinary incident to any such activity" in the exemption are given their natural and generally accepted meaning, it seems clear that all but office employees of the other eight classes of employees are also within the fishing exemption. Certainly the services of such workmen in the particular business in question are ordinarily and normally, if not necessarily, incidental to the activities specifically exempted by the statute.

The regulations interpreting the statutes are far from clear.[4] The government contends that they are to be understood as restricting the scope of the statutory words "ordinary incident" to a narrow construction greatly limiting the employees exempted. So construed, the regulations would be invalid because in conflict with the intent of Congress as clearly expressed in the statute.

1. 26 U.S.C. § 1426(b) (1) and (h) (1946) provided that agricultural labor as defined therein was exempt from FICA taxes. This section was amended on January 1, 1951 by the Social Security Act amendments of 1950, 64 Stat. 477, 528, Sec. 204(a), which provided that an agricultural laborer is not exempt if in any quarter he receives more than $50 wages and is not a casual type employee. Under this provision plaintiff's employees were not within the agricultural labor exemption from January 1, 1951 to January 1, 1955 in any event. At present agricultural workers are covered under 26 U.S.C. § 3121(a) (8) which superseded 26 U.S.C. § 1426.

26 U.S.C. § 1607 (now 26 U.S.C. § 3306) provides that agricultural labor, as defined therein, is exempt from the payment of FUTA taxes.

2. The FICA fishing exemption is 26 U.S.C. § 1426(b) (15). This section was repealed effective January 1, 1955 by the Social

Security Act amendments of 1954, 68 Stat. 1052, 1092, Sec. 205(e).

The FUTA fishing exemption is covered by 26 U.S.C. § 1607(c) (17) (presently 26 U.S.C. § 3306). The language in the FICA and FUTA fishing exemptions relevant to the instant case is identical and is set out later in the decision.

3. Oyster bed workers, harvesters, openers or sorters, graders, packers and checkers for fresh and canning, canners, maintenance of plant and equipment, warehousemen and truck drivers, office employees, and foremen.

4. Treasury Regulations 106, Sec. 402.225, and its successor on January 1, 1951, Treasury Regulations 128, Sec. 408.223 construing the fishing exemption which was formerly part of the FICA statute.

Treasury Regulations 107, Sec. 403.-226b (presently § 31.3366(c) (17)–1 Fishing Services) construing the FUTA tax statute.

During the entire claim period plaintiff's employees in all of the ten classes in question were not within the agricultural labor exemption in either Act. All of said employees except office employees were within the fishing exemption in both Acts during the claim period, although the FICA fishing exemption has since been repealed. Findings, conclusions and judgment to such effect may be presented at convenience of counsel.